IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GORDON ELLIOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-CV-03247-MDH |
| JAMES CHANG, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Gordon Elliott's Motion to Remand to State Court for Further Proceedings and Motion for Sanctions. (Docs. 7, 8). Pro Se Defendant James Chang responded to Plaintiff's Motion for Sanctions (Doc. 11), but not Plaintiff's Motion to Remand. For the reasons set forth herein, Plaintiff's Motion to Remand is **GRANTED** and Plaintiff's Motion for Sanctions is **DENIED**.

The underlying cause of action here is a rent and possession action filed in state court by Plaintiff pursuant to Missouri statute. (Doc. 4-3). Defendants filed a Notice of Removal with the Circuit Clerk of Greene County, Missouri, claiming the action arises under federal law due to allegations in Defendants' counterclaims that Plaintiff violated Defendants' rights under federal law including the Fair Housing Act. Plaintiff claims Defendant sought removal in effort to delay the underlying rent and possession case. Plaintiff argues that Defendant previously removed another state-level rent and possession case to this Court based on federal-issue counterclaims. In that earlier case, this Court granted Plaintiff's Motion to Remand based on lack of federal jurisdiction despite counterclaims that cite federal statute. *Oakridge Properties v. Walker,* No. 6:22-CV-03013-MDH, 2022 WL 1555237, at *1 (W.D. Mo. May 17, 2022). Plaintiff moves for

1

sanctions in the form of a $2,500.00 fine in effort to compensate Plaintiff for any delay in the rent and possession case and deter Defendant from pursuing future frivolous removals. Plaintiff does not assert a factual a basis for the amount claimed.

"Pursuant to 28 U.S.C. s. 1441(a), an action originally filed in state court may be removed to federal court where the federal district court has original jurisdiction over the case." *Williams v. Wells Fargo Bank, Nat. Ass'n*, 9 F. Supp. 3d 1080, 1084 (W.D. Mo. 2014). "A motion to remand functionally challenges the removal of the action to federal court, and if it appears that the case was not properly removed the district court must remand the case to the state court from which it was removed." *Id*. The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.

Though not entirely clear due to Defendant's lack of response to Plaintiff's Motion to Remand, it appears from Defendant's notice of removal that Defendant believes removal is proper because some of Defendants' counterclaims arise under federal law. *See* 28 U.S.C. § 1331. When evaluating whether federal question jurisdiction exists, federal courts utilize the "well-pleaded complaint rule" and look only at the face of the complaint. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1986)). "When a complaint asserts only state law claims, the case cannot be removed to federal court based on either a counterclaim or an anticipated defense that arise under federal law." *State of Missouri et al., Tomas Caesar Popson*, 2021 WL 5546461 at *4 (W.D. Mo. 2021).

Accordingly, Defendant's counterclaims cannot provide this Court with appropriate jurisdiction. The underlying rent and possession action filed by Plaintiff involves only Missouri law. Therefore, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. It is **ORDERED** that the above-captioned case be remanded to the Circuit Court of Greene County, Missouri for further

proceedings. Plaintiff's Motion for Sanctions is **DENIED**. Plaintiff has not articulated a factual basis for the $2,500.00 award sought nor has Plaintiff sufficiently proven Defendant, who remains pro se, has intentionally sought removal solely in order to delay the underlying rent and possession case.

**IT IS SO ORDERED.**

Dated: April 14, 2023                                      /s/ Douglas Harpool
                                                          **DOUGLAS HARPOOL**
                                                          **United States District Judge**